HENRY F. BOCKHOP, APPELLANT, v. PHOENIX TRANSIT COMPANY, RESPONDENT.

Submitted March 27, 1922—Decided June 19, 1922.

The exclusive features of the Workmen's Compensation act apply to the accidental injury to a workman making repairs to a vessel lying upon the navigable waters of the state, and such statute in legal effect abrogates the right to recover damages in an admiralty court, since the rights and liabilities of the parties had no direct relation to navigation.

On appeal from the Supreme Court.

For the appellant, *G. Earl Bongler*.

For the respondent, *Collins & Corbin*.

The opinion of the court was delivered by

MINTURN, J.   While the plaintiff was employed by the defendant he was assigned to the painting of a ferry-boat, used for transporting passengers and vehicles across the Hudson river, and which at that time was moored to a dock in the township of Weehawken. While engaged at this work the ferry-boat was struck, without warning, by a lighter operated by the Erie Railroad Company, causing injuries to the plaintiff, to recover damages for which he brought this suit.

The defendant interposed an answer which presented *in limine* two legal obstacles to the plaintiff's complaint, which

were determined by Mr. Justice Swayze, at the Circuit, upon motions by the plaintiff to strike out the answer, and by the defendant to strike out the complaint. The former motion was denied; but the motion to strike out the complaint prevailed, and from that determination this appeal was taken.

The contention is that if the accident happened upon the navigable waters of the United States, so as to be of a maritime character, the suit for damages is thereby relegated to the exclusive jurisdiction of the federal courts. *Southern Pacific Co.* v. *Jensen,* 244 *U. S.* 205; *Clyde S. S. Co.* v. *Walker, Id.* 255; *O'Brien* v. *Scandinavian Line,* 94 *N. J. L.* 244.

It is further contended that if it cannot be classed as a maritime controversy, so as to be exclusively within the federal jurisdiction, it still assumes the aspect of an action *in personam,* cognizable under the common law jurisdiction of the state, and since the enactment of the Workmen's Compensation act it becomes cognizable exclusively under the system of statutory procedure provided by that enactment as a summary substitute for the common law procedure.

The reasoning contained in the above adjudications apparently vindicates the legal correctness of these contentions; but any doubt upon the subject would seem to be eliminated by the recent declaration of the Supreme Court of the United States in the case of *Grant Smith Porter Ship Co.* v. *Rhode, U. S. Sup. Ct.* (66 *L. Ed.*) advance sheets, No. 6, February 1st, 1922. In its substantial features that case was not unlike the case at bar, and the legal questions determined were essentially similar. It was there held: (1) That the general admiralty jurisdiction extends to a proceeding to recover damages resulting from a tort committed on a vessel in process of construction, when lying on navigable waters, within a state; (2) that the exclusive features of the Oregon Workmen's Compensation act apply to the accidental injury of a carpenter while engaged in the work of finishing an incompleted vessel lying upon the navigable waters of the state; that such a statute in legal effect abrogates the right to recover damages in an admiralty court, which otherwise

would be held to exist as the exclusive procedure. Prior to the determination; of the case referred to, the same 'tribunal in *Western Fuel Co.* v. *Garcia,* 42 *U. S. Sup. Ct. Reps.* (*L. Ed.*) 89, December 5th, 1921, had practically eliminated this conceded constitutional obstacle to state jurisdiction in maritime actions, arising upon the navigable waters of a state, by differentiating between state legislation of a comprehensive jurisdictional character, and jurisdiction of a supplementary nature in "local waters," concerning which, as the court expressed it, such "regulation would work no material prejudice to the general maritime law." In an exigency of that character, the court declared, "the rules of the latter might be modified or supplemented by state statutes."

The case of Grant Smith Porter Ship Co. *v.* Rhode specifically reiterates the doctrine thus declared, which in effect concedes to the states in such a situation the right to enact a Workmen's Compensation act, which may be operative equally on land and navigable waters, within the jurisdiction of the state. The concluding affirmation of the federal tribunal in the latter case is peculiarly applicable here and becomes dispositive of this controversy. "Here," says the court, "the parties contracted with reference to the state statute, their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea, whose uniformity is essential."

The factual situation presented by the record in the case at bar being governed by the rule thus declared, this judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.   14.

*For reversal*—None.