In the Matter of the Claim of MATTI LAHTI, Respondent, against TERRY & TENCH COMPANY, INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's compensation — master and servant — rights and remedies of workman injured while standing on raft in navigable waters determined by maritime law — compulsory provisions of Workmen's Compensation Law not applicable.**

Where a workman employed in the construction of a pier was injured while standing on a floating raft in navigable waters, the maritime law must fix his rights and remedies, for the *locus* of the accident was maritime, though the service was not. The Workmen's Compensation Law is ineffective, in so far as it is compulsory, to

displace the law of the sea, and employer and carrier, refusing to take advantage of the optional element brought into it by amendment, insist upon their maritime rights.

*Matter of Lahti* v. *Terry & Tench Co.*, 211 App. Div. 825, reversed.

(Argued May 4, 1925; decided June 2, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 2, 1924, unanimously affirming an award of the State Industrial Board, made under the Workmen's Compensation Law.

*William Warren Dimmick* for appellants. The State Industrial Board has no jurisdiction of the claim for compensation in this case. It is a case of exclusive admiralty jurisdiction. The State Industrial Board was without power to make any awards to the claimant. (*Atlantic Transport Co.* v. *Imbrovek*, 234 N. Y. 52; *Danielson* v. *Morse D. D. Co.*, 235 N. Y. 439; *Butler* v. *Robbins D. D. & R. Co.*, 240 N. Y. 24; *Doey* v. *Howland Co.*, 224 N. Y. 30; *Rheinhart* v. *N. F. S. Corp.*, 232 N. Y. 15; *C. C. Bank* v. *Judson*, 8 N. Y. 254; *Norman* v. *M. & C. D. & W. Co.*, 200 App. Div. 360; *Warren* v. *Morse D. D. & R. Co.*, 235 N. Y. 445; *Gonsalves* v. *Morse D. D. & R. Co.*, 266 U. S. 171; *G. L. D. & D. Co.* v. *Kierejewski*, 261 U. S. 479.)

*Albert Ottinger*, Attorney-General (*E. C. Aiken* of counsel), for respondent. The claim in this case was not subject to admiralty jurisdiction. (*Thames Towboat Co.* v. *The Schooner Francis McDonald*, 254 U. S. 242; *North Pacific S. S. Co.* v. *Hall Bros. Co.*, 249 U. S. 119, 125; *The Winnebago*, 205 U. S. 363; *Edwards* v. *Elliott*, 21 Wall. 532; *Grant Smith-Porter Co.* v. *Rhode*, 257 U. S. 469; *Cope* v. *Vallette D. D. Co.*, 119 U. S. 625.)

CARDOZO, J.   Claimant, employed in the construction of a pier, was injured while standing on a floating raft in navigable waters.

In such circumstances, the maritime law must fix his rights and remedies, for the *locus* of the accident was maritime, though the service was not (*Grant-Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469; *Gonsalves* v. *Morse Dry Dock & Repair Co.,* 266 U. S. 171; *Danielsen* v. *Morse Dry Dock & Repair Co.,* 235 N. Y. 439; *Butler* v. *Robbins Dry Dock & Repair Co.,* 240 N. Y. 23).

A different question would be here if the Workmen's Compensation Act, as it stood at the time of the injury, had been elective rather than compulsory (*Grant-Smith-Porter Ship Co.* v. *Rohde, supra; Danielsen* v. *Morse Dry Dock & Repair Co., supra*), or if the employer and the insurance carrier, as well as the claimant, had chosen under a later amendment (Workmen's Compensation Act, § 113, as amended by L. 1922, ch. 615) to waive their admiralty remedies. The act was ineffective, in so far as it was compulsory, to displace the law of the sea; and employer and carrier, refusing to take advantage of the optional element brought into it by amendment, insist upon their maritime rights.

We do not stop to inquire whether the raft is to be classified as a boat, for however that question were to be answered, the territorial basis of jurisdiction would remain (*Gonsalves* v. *Morse Dry Dock & Repair Co., supra*).

The order of the Appellate Division and the determination of the State Industrial Board should be reversed, and the claim dismissed, with costs against the said Board in all courts.

HISCOCK, Ch. J., MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Order reversed, etc.