Day, J.
 

 This case was before the court at an earlier day of this term upon the demurrer to the petition
 
 (ante,
 
 96, 148 N. E., 572), which was overruled upon the ground that it did not appear that the application of the Workmen’s Compensation Act (General Code, Sections 1465-37 to ,1465-108), with reference to which plaintiff and its employe had
 
 *580
 
 contracted, would work prejudice to any characteristic features of the general maritime law or interfere with the proper harmony or uniformity of that law in its international or interstate relations.
 

 Since the hearing on demurrer, an answer has been filed, in which the defendant says that it “denies that it refuses to receive premiums based on the wages or payroll of any of the men engaged in the employments mentioned in the plaintiff’s petition, save and except when such men are engaged in employments which are maritime employments, and a court of admiralty would have jurisdiction in case any of the men were injured while so employed.”
 

 A motion for judgment on the pleadings' has been filed by both parties. The petition contains the following averment:
 

 “Petitioner says that its employes in the above classifications desire to accept compensation under the Workmen’s Compensation Law of Ohio, in lieu of and in preference to their rights under the maritime law in all cases of injury or loss of life while engaged in said employments. ’ ’
 

 It is to be borne in mind that this record does not present a concrete case of injury; but the plaintiff has set forth eight different classes of employment in which its workmen are engaged. Probably most of such employment will be local in character and of a nonmaritime nature. However, it is possible, and, indeed, probable, that some of the men in certain of the classes named may at some time, while in plaintiff’s employ, be engaged in work which is purely maritime which has direct relations to navigation and the characteristic features of the general maritime law.
 

 
 *581
 
 Plaintiff relies upon the case of
 
 Grant Smith-Porter Ship Co.
 
 v.
 
 Rohde,
 
 257 U. S., 469, 42 S. Ct., 157, 66 L. Ed., 321, 25 A. L. R., 1008. In that case it was held that, in view of the exclusive features of the Oregon Workmen’s Compensation Law, the right of the employe to recover damages in an admiralty court should be denied; the employer and employe having contracted with reference to the compensation law. It is, however, to be borne in mind that the decision in that case held that “the parties [had] contracted with reference to the state statute; their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential.”
 

 The application of the exclusive features of the Oregon Compensation Act, as abrogating the right to recover damages in a court of admiralty, which would otherwise exist, was made under the particular circumstances in that case, which were such that the court found would work no material prejudice to the general maritime law.
 

 Upon the record in this case we cannot say but that at some time some of the employes in the classes set forth in the petition may be engaged in work purely maritime in character and nature', and then the rights and liabilities of the parties would be controlled by the general rules of maritime law.
 

 In the event such contingency arises, we are of opinion that the employer and employe cannot by contract between themselves deny a court of admiralty jurisdiction and confer the same exclusively upon the Industrial Commission.-
 

 
 *582
 
 The' Commission should, however, receive premiums based upon the full pay roll presented at the beginning of the period of coverage, subject to deduction of the amount of wages paid to employes while engaged in purely maritime work.
 

 The record disclosing that the Industrial Commission is ready and willing to so accept premiums upon the full pay roll of the plaintiff, on all classes of workmen set forth in its petition, and to retain jurisdiction thereof in accordance with the state law, in matters of injuries which are nonmaritime, subject to such deductions, we see no reason for granting the extraordinary remedy of mandamus. A clear right thereto not appearing, it follows that the writ of mandamus should be denied.
 

 Writ denied-
 

 Jones, Matthias, Kinkade and Robinson, JJ., concur.