Argued June 29, affirmed July 13, 1926.

# JAMES W. SHEA *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

### (247 Pac. 770.)

**Admiralty—Injury to Longshoreman While Trucking Load from Ship on Dock Held Within Workmen's Compensation Law (§§ 6614, 6615, 6617, par. [1], and § 6619, Or. L.).**

1. Under Workmen's Compensation Law (Sections 6614, 6615, 6617 [1], and Section 6619, Or. L.), longshoreman working from dock to ship and *vice versa* in unloading freight was entitled to compensation for injury sustained while trucking load on dock, where he and employer had accepted terms of law.

**Courts.**

2. Court's language must be construed with reference to case made for decision.

**Master and Servant.**

3. Workmen's Compensation Law (Section 6605 et seq., Or. L.), cannot be extended to compensate others than Oregon workmen sustaining injuries in Oregon industries.

Workmen's Compensation Acts, **C. J.,** p. 39, n. 86, p. 53, n. 87.

From Multnomah: JOHN H. STEVENSON, Judge.

Department 2.

'AFFIRMED.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Miles H. McKey,* Assistant Attorney General, with an oral argument by *Mr. McKey.*

For respondent there was a brief and oral argument by *Mr. Gus C. Moser.*

*Mr. Warren H. Pillsbury,* on brief, *Amicus Curiae.*

1. Applicability of State Compensation Act to injury within admiralty jurisdiction, see notes in 25 A. L. R. 1029; 31 A. L. R. 518. See, also, 28 R. C. L. 730.

BROWN, J.—This is an appeal from the judgment
of the Circuit Court reversing an order of the State
Industrial Accident Commission rejecting plaintiff's
claim for compensation for personal injuries suf-
fered by him while engaged in longshoring. There
is no controversy relating to the facts involved. The
case was tried in the court below and heard here
upon the following agreed stipulation of facts:

At the time of the happening of the accidental in-
jury involved in this proceeding, the Nelson Steam-
ship Company, a California corporation duly licensed
to do business within the State of Oregon, was
"actually" engaged in the conduct of business in this
state and maintained an office herein. The company
had appointed a resident attorney, upon whom proc-
ess might be served, and had in all respects complied
with the corporation laws of the State of Oregon.
In the early days of 1924, the company had rejected
the terms of the Workmen's Compensation Law of
the State of Oregon, but, on December 24, 1924,
withdrew its rejection and accepted the terms thereof
as to all of its operations within this state. The
notice of withdrawal of rejection was accepted by the
State Industrial Accident Commission and became
effective January 15, 1925, and ever since that date
the company has, in the manner and at the times re-
quired by law, made contributions upon its pay-roll
in Oregon to the State Industrial Accident Fund in
the amounts provided by that act, which contributions
have been duly accepted by the State Industrial Acci-
dent Commission. The records and books of account
of the Steamship Company relating to its pay-rolls in
Oregon are maintained and kept at its office in the
City of Portland. On November 19, 1925, the date

of the accidental injury to plaintiff, the company was the owner and operator of the steamship "Griffdu," and, as such owner and operator, was engaged in interstate and foreign commerce to and from various ports of the State of Oregon, including the City of Portland. On the date of the injury, the plaintiff, a resident of Portland, Oregon, by occupation a longshoreman, was in the employ of the Steamship. Company in the unloading of freight from the steamship "Griffdu" to one of the docks in the City of Portland. Prior to the accident, the company had made its contribution to the Industrial Accident Fund of Oregon upon its pay-roll for the month of November, 1925, in which the services of the plaintiff for that month were included. Paragraph 5 of the agreed statement reads:

"That on the 19th day of November, 1925, while employed by said Nelson Steamship Company as hereinabove stated, in unloading freight from said Steamship 'Griffdu' to one of the docks in the city of Portland, Oregon, and while working from the dock to the ship and from the ship to the dock, as a longshoreman, and while actually engaged in trucking a load of freight on the dock, the load fell and caught and severely cut and bruised plaintiff's left hand, which said accidental injury arose out of and was received by plaintiff in the course of his employment."

It was further stipulated that the plaintiff never at any time rejected the provisions of the act. On the other hand, the record shows that on the twenty-ninth day of November, 1925, the plaintiff filed with the Commission in the manner provided by law, his claim for compensation for his accidental injury, and, upon the rejection of the claim, brought action for the recovery thereof.

1. The Oregon Workmen's Compensation Law is an elective act. Its constitutionality and general purpose is treated by this court in *Evanhoff* v. *State Industrial Acc. Com.*, 78 Or. 503 (154 Pac. 106). All persons, firms and corporations engaged as employers in the hazardous occupations specified in the act may accept or reject the benefits thereof: Or. L., § 6614. All workmen in the employ of such persons, firms or corporations subject to the act may likewise elect to accept or reject its benefit: Or. L., § 6615. Stevedoring and longshoring are defined as hazardous occupations within the meaning of the act: Or. L., § 6617, par. (1). At the time the plaintiff suffered his injuries, the Nelson Steamship Company was an employer, and plaintiff was an employee, as these terms are defined by the act: Or. L., § 6619. The provisions of this act, when applied to the facts in the case at bar, are not in conflict with any superior law. Therefore, we conclude that, both the employer and the employee having accepted the terms of the Workmen's Compensation Law of the State of Oregon, its protective features embrace the injury sustained by the plaintiff: *West* v. *Kozer*, 104 Or. 94 (206 Pac. 542); *Berry* v. *Donovan & Sons*, 120 Me. 457 (115 Atl. 250, 25 A. L. R. 1021); *Bockhop* v. *Phoenix Transit Co.*, 97 N. J. Law, 514 (117 Atl. 624); *Southern Surety Co.* v. *Stubbs* (Tex. Civ. App.), 199 S. W. 343; *State ex rel. Cleveland Engineering Const. Co.* v. *Duffy et al., Industrial Commission of Ohio*, 115 Ohio St. 579 (149 N. E. 870); *Grant Smith-Porter Ship Co.* v. *Rhode*, 257 U. S. 469 (66 L. Ed. 321, 42 Sup. Ct. Rep. 157, 25 A. L. R. 1008). Both the agreed statement of facts and the findings of the

court locate the .site of the longshoreman's injury upon the land.

The case of *State Industrial Com.* v. *Nordenholt Corp.,* 259 U. S. 263 (66 L. Ed. 933, 42 Sup. Ct. Rep. 473, 25 A. L. R. 1013), a case involving a compulsory act, is much in point. In that case the .workman received accidental injuries in the course of his employment as a longshoreman by the defendant corporation, resulting in his death. At the time he received the injury the longshoreman, Guiseppe Insana, was working on the dock, unloading a vessel lying in the navigable waters of Brooklyn. In rendering its decision in that case the court, speaking through Mr. Justice McReynolds, wrote:

"When an employee working on board a vessel in navigable waters sustains personal injuries there, and seeks damages from the employer, the applicable legal principles are very different from those which would control if he had been injured on land while unloading the vessel. In the former situation the liability of the employer must be determined under the maritime law; in the latter, no general maritime rule prescribes the liability, and the local law has always been applied. The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admiralty jurisdiction; but not so when the accident occurs on land."

Continuing, the justice reviewed a number of cases, including that of *Grant Smith-Porter Ship Co.* v. *Rhode, supra,* concerning which he said:

"Neither the general employment contracted for nor the workmen's activities at the time had any direct relation to navigation or commerce,—it was essentially a local matter,—and we said: 'Under such circumstances regulation of the rights, obligations and consequent liabilities of the parties, as between them-

selves, by a local rule, would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations. * * In *Western Fuel Company* v. *Garcia* (257 U. S. 233, 66 L. Ed. 210, 42 Sup. Ct. Rep. 89), we recently pointed out that, as to certain local matters, regulation of which would work no material prejudice to the general maritime law, the rules of the latter might be modified or supplemented by state statutes. The present case is controlled by that principle. The statute of the state applies and defines the rights and liabilities of the parties. The employee may assert his claim against the industrial accident fund to which both he and the employer have contributed as provided by the statute, but he cannot recover damages in an admiralty court.' "

Then follows the holding of the court that the deceased "Insana was injured upon the dock, an extension of the land," with authorities in support thereof.

2, 3. The Industrial Accident Commission, through its legal representatives, says that the denial of plaintiff's claim for compensation for injuries sustained by him while longshoring is based upon what was said in *Spitzer* v. *Annette Rolfe,* 110 Or. 461 (218 Pac. 748, 223 Pac. 253). It is a familiar rule that the language of every court must be construed with reference to the case made for decision. In the Spitzer case the owner of the "Annette Rolfe" was a foreign corporation engaged in interstate and foreign commerce by sea. No attempt was ever made by the owner to comply with the corporation laws of the State of Oregon, nor with the terms of the Workmen's Compensation Law, but, upon the filing of suit under the Oregon Boat Lien Law, it attacked

the validity of that law and for protection invoked the automatic features of the Workmen's Compensation Law. Prior to the suit, it had never contributed, nor sought to contribute, a dollar to the Industrial Accident Fund of the state. While the Workmen's Compensation Law, being remedial in its nature, is to be liberally construed, yet, when it becomes our duty to apply the act to a given set of facts, we must keep in mind that it was not the intention of the lawmakers, in providing for the creation of an industrial accident fund, to compensate workmen injured abroad, but that the act is essentially an Oregon act, designed to accumulate a fund to compensate Oregon workmen sustaining accidental injuries in Oregon industries. Hence its protective features could not be extended to cover a case such as is presented in *Spitzer* v. *Annette Rolfe, supra.* Furthermore, the doctrine announced by this court in *West* v. *Kozer, supra,* was neither reversed nor modified in *Spitzer* v. *Annette Rolfe, supra.*

This case should be affirmed. It is so ordered.

AFFIRMED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.