## Span *v.* Accident & Guarantee Corporation, Appellant.

*Workmen's compensation—Maritime torts—Election that employment be subject to state compensation—Enforcement of election—Effect.*

The Workmen's Compensation Acts may be applied to maritime torts where their enforcement does not materially affect any rules of the sea, whose uniformity is essential.

The exercise of the right to elect that employment shall be subject to the state compensation acts, and the consequent enforcement of the election in the circumstances disclosed in this case do not interfere materially with the uniformity of the admiralty.

Argued December 14, 1927.  Appeal No. 388, October T., 1927, by defendant from judgment of C. P., No. 4, Philadelphia County, March T., 1927, No. 10143, in the case of Abraham Span v. John Baizley Iron Works, defendant, and the Ocean Accident and Guarantee Corporation, Limited, Insurance Carrier.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Appeal from award of Workmen's Compensation Board.  Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the decision of the Compensation Board.  Defendant appealed.

*Error assigned,* among others, was the order of the court.

*Charles A. Wolfe,* and with him *C. Brewster Rhoads* and *Robert T. McCracken,* for appellant.

*William J. Conlen,* and with him *Samuel Moyerman, Jacob Weinstein* and *Jerome J. Katz,* for appellee.

OPINION BY LINN, J., March 2, 1928:

This controversy is between an insurance company and a workman to whom the insurer stood as employer pursuant to the workmen's compensation act and supplements.  The workman, Span, was employed as a blacksmith's helper by Baizley Iron Works, engaged in repairing the steamship Bald Hill berthed alongside Pier 98 South, Delaware River, Philadelphia.  While painting angle irons in the ship, sparks from the torch of another workman flew into Span's eyes and injured them.  He claimed under the Workmen's Compensation Act of 1915, P. L. 736, and received an award; it was affirmed by the compensation

board and by the common pleas, which entered judgment against the employer's insurance carrier. It appeals and presents a single contention,—that the court lacked jurisdiction of the subject—that the judgment is in conflict with the federal rule requiring uniformity in the admiralty and maritime law.

We pass what is said in the briefs concerning the finding of the referee that the ship was "out of commerce." While a contract to construct a new ship is not maritime (Thames Co. v. Francis McDonald, 254 U. S. 242) and repairing an existing ship is (New Bedford v. Purdy, 258 U. S. 96), we shall consider this as a case of mending, not making a ship, and therefore maritime in character: Robins Dry Dock v. Dahl, 266 U. S. 449.

The compensation law creates a system of elective compensation, article 3, sections 301, etc., 1915, P. L. 738. The related act of June 2, 1915, P. L. 769, Sec. 1, requires that the insurance carrier agree to be responsible directly to the employe for payment of compensation, and the supplement of June 26, 1919, P. L. 642, section 401, article IV, P. L. 659, defines employer as including the insurer. The insurer may be made a party to the suit: Levan v. Rwy. Co., 279 Pa. 381. The judgment in this case against the insurer is in accord with the statute. No judgment was entered against the employer whose name in the title to this appeal is surplusage.

It is now definitely settled that for some maritime torts, state compensation laws may be enforced without encroaching on the admiralty; the test is—will such enforcement "materially affect any rules of the sea whose uniformity is essential"?* It has been held

---

* For general discussion of the subject,—see The Common Law and The Law of the Sea. 36 Har. Law Rev. 777; Admiralty Jurisdiction of Late Years, 37 Ib. 529; Effect of Federal Admiralty Jurisdiction on Workmen's Compensation Acts, 35. Ib. 743, Compensation for Stevedores. 37 Ib. 478; Uniformity in the Maritime Law, 37 Ib. 1114; A Memorandum Decision, 40 Ib. 485; Edgar F. Fell: Recent Problems in Admiralty Jurisdiction.

that the exercise of the right to elect that employment shall be subject to a state compensation statute, and the consequent enforcement of the election, do not interfere materially with the uniformity of the admiralty: Miller's Underwriters v. Braud, 270 U. S. 59. In that case, it appeared that a diver died from failure of air supply while submerged and employed in sawing off timbers of an abandoned set of ways that obstructed navigation. The decision was that though the general admiralty jurisdiction would extend to such maritime tort, the parties had elected to be governed by the provisions of the state compensation act and not by the maritime law. It was said that the subject was of "mere local concern and its regulation by the state will work no material prejudice to any characteristic feature of the general maritime law. The act prescribes the only remedy; its exclusive features abrogate the right to resort to the admiralty court which otherwise would exist," 270 U. S. p. 64, 65. In State Indust'l Bd. of State of N. Y. v. Terry & Tench, Co., Inc. et al., 273 U. S. 639, a judgment of the state court (240 N. Y. 292) refusing relief under the state compensation act was reversed without discussion, on the authority of Miller's Underwriters v. Braud. The claimant in that case sustained maritime injury, having been injured while standing on a floating raft in navigable waters, and the state statute enforced was compulsory. It would seem clear that if the parties may choose compensation under the state law or the remedy in admiralty, the waiver of the right in admiralty by choosing compensation results in less interference than if the compensation act were compulsory. "Here," as was said in Grant Smith Porter v. Rhode, 257 U. S. 469, 477, "the parties contracted with reference to the state statute; their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any

rules of the sea whose uniformity is essential.'' The compensation statute of Alabama was enforced in Rosengrant v. Harvard, 211 Ala. 605, 213 Ala. 202, for a tort committed on navigable waters (though the state court described the tort as non-maritime) and the judgment was affirmed in a memorandum opinion: 273 U. S. 664. See also Southern Realty Co. v. Stubbs (Tex. Civ. App.) 199 S. W. 343, Lumberman's Assoc. v. Adcock (Texas) 244 S. W. 645, Southern Surety Co. v. Crawford (Texas) 274 S. W. 280, (certiorari refused, 270 U. S. 655), Southern Casualty v. Lindberg, 18 Fed. (2nd) 453 (certiorari refused 47 Sup. Ct. 769), Bockhap v. Transit Co., N. J. 117 Atl. 624, Toland's case (Mass.) 155 N. E. 602, and Messel v. Foundation Co., 274 U. S. 427.

Judgment affirmed.

Gawthrop, J., dissents.