## Cox v. Murphy et al.

*J. D. Yarrow*, for plaintiff; *R. T. McCracken*, for defendants.

MARTIN, P. J., July 9, 1928.—An action of trespass was instituted by plaintiff against defendants.

A statement of claim was filed, in which it was alleged that plaintiff was an employee of defendants, who are stevedores, and, while engaged in unloading a cargo from a vessel moored at a pier on the Delaware River, plaintiff

was injured through the negligence of the superintendent employed by defendants.

A petition was filed on behalf of defendants, averring that "the alleged injuries sustained by the plaintiff, under the circumstances referred to in the statement of claim, were incurred while the plaintiff was actually engaged in the furtherance of the business or affairs of his said employers, the above-named defendants;" and that, "prior to May 6, 1926, the date upon which the alleged accident occurred, the plaintiff and defendants, by virtue of the provisions of section 302 of the Act of Assembly of June 2, 1915, P. L. 736, and the supplements and amendments thereto, had agreed to accept the provisions of article III of the said act, under the terms of which compensation for personal injury to the plaintiff by an accident occurring in the course of his employment is to be made according to the schedule contained in said act."

It was further averred in the petition, that, on or about May 11, 1926, the plaintiff filed a libel *in personam* and a citation in admiralty against the defendants and the owners of the vessel in the United States District Court, and that action was based upon the same cause as set forth in the statement of claim filed in this case, and is still pending and undetermined. The petitioners claim that there is no jurisdiction in the Court of Common Pleas of Philadelphia County to hear and determine this cause of action.

The present rule was granted to show cause why the question of jurisdiction of the Court of Common Pleas over the cause of action set forth in the plaintiff's statement of claim should not be preliminarily determined.

No answer was filed to the petition.

It is averred that the plaintiff and defendants, prior to the happening of the accident, agreed to accept the provisions of article III of the Workmen's Compensation Act of June 2, 1915, P. L. 736, which provides in section 303 that "such agreement shall constitute an acceptance of all the provisions of article III of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article III of this act. Such agreement shall bind the employer and his personal representatives, and the employee, his or her wife or husband, widow or widower, next of kin, and other dependents."

It was held in Span v. Baizley Iron Works et al., 92 Pa. Superior Ct. 418, that the Workmen's Compensation Law applied to injuries received by a workman engaged in repairing a vessel lying at a river pier in the harbor, and that the parties may elect to be governed by the provisions of the Workmen's Compensation Act and not by a maritime law.

The parties to this litigation have elected to be governed by the provisions of the Workmen's Compensation Act. They are bound by its terms; and plaintiff is not entitled to maintain the present suit, even if he is not barred by the previous proceeding upon the same claim in admiralty.

And now, to wit, July 9, 1928, the rule to show cause why the question of jurisdiction of the Court of Common Pleas over the action set forth in the plaintiff's statement of claim should not be preliminarily determined is made absolute; and it is decreed that plaintiff is not entitled to institute or prosecute the present suit.