In the Matter of the Claim of RUBIN LEIBOWITZ, Respondent, against STAPLE FURNITURE Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.—Award to a claimant, who was a piece worker. He was an employee and not an independent contractor. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of FRANCES DINGFELDT, Respondent, against ALBEE GODFREY WHALE CREEK COMPANY, INC., and STATE INSURANCE FUND, Appellants. STATE INDUSTRIAL BOARD, Respondent.—Appeal from an award of death benefits. Deceased employee was an iron worker employed by the above employer which was a subcontractor of the P. J. Carlin Construction Co., which was the general contractor engaged in erecting municipal hospitals and prisons on Riker's island, East river, New York. Deceased was *en route* to his work on the steamship *Observation* which was being operated as a public ferry, which ferry had been established by agreement between the general contractor and the owner of the boat to provide transportation for workmen employed on said jobs. The construction contracts of the general and subcontractor required each contractor to assume responsibility for transportation to the island of men and materials. Fares for the transportation were collected from the employees but the general contractor had agreed with the owner of the boat to guarantee a daily total of sixty dollars in fares. In order to prevent overcrowding a stagger system was arranged by which it was directed that certain employees should board the boat for certain specified scheduled trips and other employees were to take passage at other scheduled trips and the hours of work on the island were adjusted accordingly. An explosion occurred on the boat and claimant's husband was killed. It is argued that the accident did not arise out of the decedent's employment on the ground that having paid his own fare his employment did not commence until he reached the island; it is further claimed that the maritime law governed. Award unanimously affirmed, with costs to the State Industrial Board. (See *Matter of Heaney* v. *Carlin Construction Co.*, 243 App. Div. 648; affd., 269 N. Y. 93.) Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.