LOUIS GOODMAN and JOSEPH UCKO, Plaintiffs, *v.* HENRY F. WILLIAMS, Defendant.

City Court of New York, Special Term, Bronx County, January 5, 1938.

*Harry Leff*, for the plaintiffs.

*Frederick W. Bickmann, Jr.*, for the defendant.

DONNELLY, J.   The action is brought to recover property damage and damages for personal injuries.   The complaint alleges in substance the sinking of plaintiffs' fishing boat with all of the merchandise on board at a point " south of Hart's Island."   The cause of the damage is alleged to be the negligent operation of defendant's vessel, which, it is claimed, made no attempt to alter its course, but came into close proximity with plaintiffs' boat, creating a swell in the water which caused the boat to sink.

Hart's Island is in the East river; the island is part of the territory of the borough of the Bronx.   The East river is a navigable stream.

The ground upon which the pending motion is based is that the complaint alleges a maritime cause of action not within the scope of sections 16 and 17 of the New York City Court Act, and, therefore, that this court has not jurisdiction.

Section 16 of the New York City Court Act provides: " The City Court of the City of New York shall have original jurisdiction concurrent with the Supreme Court of the State of New York in the following cases:   *   *   *.   5. In a marine cause, as defined in this article irrespective of the amount sought to be recovered." By section 17 jurisdiction is conferred upon this court of an action in favor of a person belonging to a vessel in the merchant service against the owner, master or commander thereof, for the reasonable value of services or for the breach of a contract to pay for services rendered or to be rendered on board of the vessel, during a voyage, wholly or partly completed, or intended to be undertaken by such vessel; and of an action in favor of or against a person belonging to or on board of a vessel in the merchant service to recover damages for an assault, battery or false imprisonment, committed on board the vessel, upon the high seas, or in a place without the United States.   The last paragraph of section 17 reads: " But this section shall not confer upon the City Court authority to proceed as a court of admiralty or maritime jurisdiction."   By article III, section 2, of the Constitution of the United States the judicial power of the United States extends to all cases of admiralty and maritime jurisdiction.

By section 371 of the United States Judicial Code (U. S. Code, tit. 28, § 371) it is provided: " The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States   *   *   *. Third.   Of all civil causes of admiralty and maritime jurisdiction,

saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it."

If an injury occurs on navigable waters and *in the performance of a maritime contract, it is certainly* within the exclusive jurisdiction of admiralty unless " (a) the contract is of merely local concern, and (b) its performance has no direct effect upon navigation or commerce, and (c) the application of the State law ' would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations.' "

If, however, the injury occurs on navigable waters, but in the performance of a non-maritime contract, it is at least *prima facie* local and within the operation of State laws. (*La Casse* v. *Great Lakes Engineering Works*, 242 Mich. 454; 219 N. W. 730, 733.) In *Matter of Heaney* v. *Carlin Construction Co.* (269 N. Y. 93), Heaney, the claimant, was an employee of the defendant, which was engaged in the construction of a building being erected on Riker's Island located in the East river opposite East One Hundred and Fortieth street. While on his way to work on a steamboat which had been engaged by defendant for the transportation of men and materials to Riker's Island, there was an explosion on the steamboat. By a divided court it was held that at the time of the explosion and the consequent injury to Heaney he was not a passenger in the general sense of the word, nor was the boat in question in any way engaged in an undertaking having to do with commerce or navigation. The prevailing opinion in the *Heaney* case was affirmed by the Supreme Court of the United States (299 U. S. 41). There the court found that the contract between the Carlin Construction Company and the owner of the steamboat was a non-maritime contract. Mr. Justice McREYNOLDS, writing for the court, said: " All parties, as well as the accident, were within the limits of New York State. The contract had no direct relation to navigation; to enforce it against the parties will not materially interfere with the uniformity of any maritime rule " (p. 44).

On this motion and on the allegations of the complaint the action must be treated as the ordinary one in negligence cognizable by and within the jurisdiction of this court.

Motion denied.