## LA CROSSE DREDGING CORPORATION et al. v. McMANIGAL, Deputy Commissioner, U. S. Employees' Compensation Commission.

### No. 21811.

District Court, N. D. Ohio, E. D.

Jan. 4, 1945.

832

Thompson, Hine & Flory, of Cleveland, Ohio (Thomas E. Lipscomb, of Cleveland, Ohio, of counsel), for plaintiffs.

Don C. Miller, U. S. Atty., and Jerome N. Curtis, Asst. U. S. Atty., both of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

Motion to dismiss complaint is sustained. The finding by defendant that decedent was engaged in maritime employment is supported by evidence and is not contrary to law; recovery of compensation for decedent's death could not have been provided by Ohio law since the restricted doctrine of local concern could not be applied. The case of State ex rel. Cleveland Engineering Construction Co. v. Duffy et al., 113 Ohio St. 96, 148 N.E. 572, relied on by plaintiffs does not support plaintiffs' contention. When that case came before the court on motion for judgment on the pleadings, the writ of mandamus was denied. 113 Ohio St. 579, 149 N.E. 870. The court in that case clearly recognized that if employees were engaged in maritime employment they were not entitled to state industrial insurance. The court held clearly that the Workmen's Compensation Act did not apply to workers engaged in maritime employment in the later case of American Shipbuilding Co. v. Aros, 128 Ohio St. 258, 191 N.E. 2. That the employee in this case was engaged in maritime service is based upon the holding in Hillcone S. S. Co. et al. v. Steffen, 9 Cir., 136 F.2d 965. Also Travelers Ins. Co. v. Branham, 4 Cir., 136 F.2d 873, 875.