Miller *v.* Textor Transfer Company, Appellant.

Argued April 27, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*George Y. Meyer* of *Meyer and Nunnink* and with him *Francis A. Wolf,* for appellants.

*Murray J. Jordan,* and with him *Dale T. Lias* and *Fred J. Jordan,* for appellee.

OPINION BY KELLER, J., July 14, 1932:

The claimant's petition averred that her husband, Albert B. Miller, died on January 2, 1930, as a result of an accident to his left leg sustained on August 31, 1929, while in the course of his employment with Textor Transfer Co., the defendant; that while working on a moving van for defendant he bruised and cut his leg, which became infected and that he died of blood poisoning resulting therefrom.

At the hearing before the referee the claimant testified positively to the injury to her husband's leg on August 31, 1929; that he was not a well man from that date on: "He complained and ailed all along but refused to go to a doctor. I tried time and again to get him to a doctor, but he would not go." He quit working the Monday before Christmas (December 23), called the doctor on December 26th, was taken to the hospital December 30th, and died of septicaemia, (blood poisoning), three days later.

After the claim petition had been filed she had a conversation with one of her husband's fellow employees,

Charles Zang, which led her to believe that her husband had suffered a second injury to the leg on November 20th; on the following Tuesday (November 26th), she washed his clothes and saw that they were blood stained, but he refused to tell her how the blood had come there. Zang himself saw no accident on November 20th, but said that on that day Miller and a man named Grob were carrying a stove on to the moving van, and when the witness came out of the house a few minutes later Miller asked him if he had heard the crash in the house, and on his replying 'No', Miller showed him his leg where the blood stain was on his underwear. Grob testified that the stove fell while he and Miller were lifting it at the end-gate of the truck, but that it did not strike Miller and that the latter did not complain of being hurt or show his leg to Zang or anybody else at the time.

Dr. Winters, called to testify on behalf of the claimant, and the only witness as to causal connection, said in response to the question, "Doctor, can you say or can you not say whether or not the injury which has been mentioned here, [from the fall of the stove on November 20th], was the probable cause, the most probable cause of the death of Mr. Albert Miller?" said, "In the absence of bringing out any other injury, I would say it was. That would be my opinion." He admitted, however, on cross-examination that his history of the case embraced the accident which occurred on August 31st, that he had been told by the claimant at the hospital that her husband had injured himself in August, and that in his treatment of the decedent he had heard of no other accident except the one in August.

The difficulty with the doctor's testimony linking up the death with an injury on November 20th, is, that it is based on the proposition that the deceased had suffered no other injury, while the uncontradicted evidence of the claimant at the hearing, as well as her

statement to the doctor at the time he attended her husband, was that the latter had sustained an injury to his left leg on August 31, 1929. The doctor's testimony showing a causal connection between an alleged injury on November 20th, and the employee's death on January 2d following, was based on a premise contrary to the established facts in evidence and the finding of the referee in accordance therewith.

There is, therefore, no evidence in the case which connects the death of Miller with the accident sustained on November 20th, as over against the accident on August 31st, or that sufficiently establishes either as the cause of death.

The importance of the finding grows out of the fact, that American Casualty Co. was the defendant's insurance carrier on August 31, 1929, while Bankers Indemnity Co. was the insurance carrier on November 20, 1929, and there must be testimony based on the evidence in the case, and not founded on some premise or proposition contrary to the uncontradicted evidence, fixing the causal connection between one of the accidents and the death, before there can be an award in the claimant's favor against the defendant and the insurance carrier held liable.

We are obliged, therefore, to reverse the judgment and remit the record to the Workmen's Compensation Board for further hearing and action not inconsistent with this opinion.

The first, second and fourth assignments of error are sustained, the judgment is reversed, and the record is ordered to be remitted to the board for further hearing, and determination in accordance with this opinion.