Cease *v.* Thomas, Exrx. et al., Appellants.

Argued March 8, 1944.   Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Thomas M. Lewis*, with him *Henry Greenwald*, for appellants.

*Richard B. Sheridan*, for appellee.

OPINION BY KELLER, P. J., July 15, 1944:

The claimant, Alfred R. Cease, was badly hurt on June 25, 1940 by the collapse of a scaffold on which, with others, he was working as a carpenter, reshingling the roof of a grocery store building owned by Carter Bache.

He filed a claim petition for workmen's compensation, in which he averred that at the time of the accident he was employed by James E. Thomas, a building contractor, who was also working on the scaffold at the time of its collapse. Mr. Thomas died the day after the accident, and the claim was filed against his executrix and his insurance carrier, Travelers Insurance Company.

Mr. Cease also filed a claim petition asking compensation from Mr. Bache, the owner of the building and proprietor of the grocery store. See *Sgattone v. Mulholland & Gotwals,* 290 Pa. 341, 345, 138 A. 855; *Lecker v. Valentine,* 286 Pa. 418, 421, 133 A. 792.

The two claims, by agreement of the parties, were

heard together before the same referee, who found that the claimant, Cease, at the time of his injury, was employed by James E. Thomas; and that he was still totally disabled as a result of the accident. Accordingly, he awarded Cease compensation for total disability against Thomas's Estate or his insurance carrier; and dismissed the claim petition against Bache.

Appeals were filed by the attorney who appeared for the defendants, (1) objecting to certain material findings of fact, as not being supported by the evidence, and (2) specifying as errors of law the admission in evidence of the testimony of (a) the claimant, and (b) Carter Bache, who, it was claimed, by reason of the death of James E. Thomas, were incompetent to testify under section 5(e) of the Act of May 23, 1887, P. L. 158.

The board, in passing on the appeals, held that Carter Bache was a fully competent witness; and that, in the circumstances here presented, the claimant was also competent to testify, and, accordingly, affirmed the findings of fact, conclusions of law, and award of the referee. On appeal to the common pleas, the court dismissed the appeal and affirmed the action of the board, and entered judgment against Travelers Insurance Company, insurance carrier, alone. See Span v. Accident & Guarantee Corp., 92 Pa. Superior Ct. 418, 420.

From this judgment the attorney of record for the defendant and insurance carrier took one appeal to this court, and made the required affidavit of appeal.

We may say, at the outset, that if the claimant and Carter Bache were competent witnesses, the case against Thomas' Estate and his insurance carrier was more than sufficiently proved. It is too clear to require a recital of the evidence. The testimony justifies the following summary of the facts: Carter Bache owned and operated a grocery store in the City of Nanticoke. He was a

person of means, for in addition to his regular business as a grocer, he owned a number of farms, operated by him together as 'Maywood Farms', and had two apartment houses and four other buildings in Nanticoke. He was not engaged in the business of buying and selling real estate; nor in the construction of buildings.

James E. Thomas was a carpenter and building contractor in Nanticoke, and was also the city building inspector. For several years past when Mr. Bache needed any carpenter work done to his buildings he had it attended to by Mr. Thomas, who worked on it himself and employed other carpenters to assist him, when necessary.

Bache engaged Thomas to reshingle the roof of his two-story grocery store building. Thomas employed three men to assist on the work, the claimant, another carpenter named Hayden Davis, and a laborer named Mal Lewis. Thomas hired and employed them all. Bache hired or employed none of them, although he did ask Thomas to give Davis a job. No directions were given by Bache to Thomas or his workmen as to how the work was to be done. Thomas directed the work, supplied the iron brackets and wooden planks of which the scaffold was constructed, and erected it. Bache had no authority to discharge any of the men working under Thomas. Thomas did, and had full control over them. In fact, one afternoon, Thomas ordered Cease, the claimant, to leave the Bache job and work the rest of the day at the house of J. W. Schreiner, the agent of Travelers Insurance Company, the insurance carrier, where he, Thomas, had a contract to build a new porch. Bache knew nothing of this circumstance. Thomas had two other contract jobs, besides Schreiner's, that he was doing while he was reshingling the Bache roof, and he took time off the Bache job to work on and direct these other contracts and to attend to his official duties as city building inspector.

Thomas was not regularly employed by Bache. Neither he nor his workmen were on Bache's payroll or included in Bache's workmen's compensation insurance. Thomas carried workmen's compensation insurance covering men working under him. While he did a good deal of repair work for Bache, three months might go by during which he would do no work at all for him. Bache did not fix the wages to be paid Cease, Davis and Lewis, but he paid Cease and Davis, for the work they had done on his roof during the week ending June 15th, the wages which they told him Thomas had agreed to pay them,—$7 per day of eight hours— and which he (Thomas) had told them to get from Bache. Bache did not customarily pay Thomas until the latter presented his bill and he had presented none on this job up to the time of his death. No evidence was presented on behalf of the Thomas Estate.

In short, the evidence is clear that Bache engaged Thomas to reshingle his roof, and that Thomas employed the claimant, Cease, and his co-workers to assist him in doing the work, under and pursuant to his (Thomas's) directions; that he, Thomas, was their employer and they were his employees.

Coming then to the questions of law, we agree with Commissioner Knoll, in his opinion, concurred in by the other members of the board, to wit: "We have no hesitancy in holding as to the testimony of Carter Bache, that the same was properly admitted". Bache was the defendant in a workmen's compensation claim filed by Cease. If it had been heard separately, he would have been, unquestionably, a competent witness. The fact that by agreement of the parties the two claims were heard together did not render him incompetent to testify. He was called by the claimant, not as his own witness but as under cross-examination, and his testimony was received without objection or exception by anybody (*Poluski v. Glen Alden Coal Co.*, 286 **Pa.**

473, 476, 133 A. 819), until near the close of his examination, when he was asked a question relative to his testimony at a hearing before the referee in another workmen's compensation claim, growing out of the same accident, brought against him by Thomas's widow, in which he had been *called as for cross-examination by that claimant,* and was thereby rendered competent to testify fully in that case, (Section 6 of Act of 1887, supra) ; and the objection to his competency under the Act of 1887, supra, was confined to his testimony at the *Thomas v. Bache* hearing.

If a plaintiff, injured in an accident, brings separate actions against two persons, who, he claims, negligently contributed to his injury, and the parties agree to try the cases together, defendant A is not rendered incompetent to testify in defense to his action by reason of the death of defendant B.

With respect to the competency of the claimant to testify, the original record shows that the answer filed to the claimant's petition was prepared by the insurance carrier and signed and sworn to by its Assistant Adjuster, Allen W. Gery, acting for "Estate of James E. Thomas, Amelia Thomas, Executrix (Defendant)" and "The Travelers Insurance Company", on June 20, 1941. That all the names affixed to the answer, except Allen W. Gery's, were in typewriting and he alone made the affidavit, and that not one paper in the whole record was signed or sworn to by Amelia Thomas.

Under Section 401 of the Workmen's Compensation Act of 1915, P. L. 736, and the amendment of 1939, P. L. 520, an insurer who has assumed the employer's liability (as by appearing and defending a claim against the insured) comes within the term 'employer', as used in the article relating to procedure. Under Section 1 of the Act of June 2, 1915, P. L. 769, it is provided that no policy of insurance against liability arising under article three of the Workmen's Compensa-

tion Act of 1915 (P. L. 736) shall be made unless it shall contain the agreement of the insurer that, in the event of the failure of the insured promptly to pay any instalment of compensation insured against, the insurer will forthwith make such payments to the injured employe or the dependents of the deceased employe; and that "such agreement shall be construed to be a direct promise to such injured employe and to such dependents, enforceable by action brought in the name of such injured employe or in the name of such dependents". And in section 651 of the Act of May 17, 1921, P. L. 682, relating to insurance, etc., it is provided: "Every policy of insurance against liability under 'The Workmen's Compensation Act of 1915', and acts amendatory thereof, shall contain the agreement of the insurer to pay all compensation and provide all medical, surgical, and hospital attendance for which the insured employer may become liable under the act during the term of such insurance, and the further agreement that, as between the insurer and any claimant under the act, notice to the employer or the employer's knowledge of an accident or injury constituting the basis of a claim under the act shall be notice to and knowledge of the insurer. Such agreements shall be construed to be a direct promise to the injured employe or to the dependents of a deceased employe having a claim under the act, and shall be enforceable by action brought in the name of such injured employe or in the name of such dependents. Such obligation shall not be affected by any default of the insured, after the accident, in the payment of premiums or in the giving of any notices required by such policy or otherwise".

It is clear from these provisions of the statutes cited, that the primary liability to pay compensation to an injured employe rests on the insurance carrier, (*Levan v. Pottstown, etc., Ry. Co.*, 279 Pa. 381, 385, 124 A. 89; *Chase v. Emery Mfg. Co.*, 271 Pa. 265, 270, 113 A.

840; *Span v. Accident & Guarantee Corp.*, 92 Pa. Superior Ct. 418, 420; *Coccaro v. Herman Coal Co.*, 145 Pa. Superior Ct. 81, 85-6, 20 A. 2d 916), and that the policy constitutes a direct promise by the insurance carrier to the claimant to pay such compensation as the insured employer is legally liable for under the Workmen's Compensation Acts, and this without any recourse by it over against the employer. Hence this proceeding was primarily one against the insurance carrier, as the primary or principal debtor, and Travelers Insurance Company recognized this by taking charge of the litigation, preparing, signing and swearing to the answer, and all other papers, on behalf of both defendants, and employing an attorney to defend against the claim (*Chase v. Emery Mfg. Co.* supra). And as pointed out, the only judgment entered in the court below, and from which this appeal was taken, was against the insurance carrier. No judgment was entered against the employer's estate, "whose name in the title to this appeal is surplusage": *Span v. Accident & Guarantee Corp.* supra, p. 420. The claimant did not appeal. No actual liability, therefore, on the part of the Estate of James E. Thomas to pay any part of the judgment for compensation awarded to this claimant exists. The insurance company was and is the "real defendant", *Radel v. Seib*, 105 Pa. Superior Ct. 75, 81, 159 A. 182, the "real party in interest" (*Badger v. Township of Upper Darby*, 348 Pa. 551, 36 A. 2d 507) and section 5(e) of the Act of 1887, P. L. 158, should not be used, in the name of a nominal defendant, to relieve the real defendant in interest of its primary liability to pay a just claim.

The Workmen's Compensation Act of 1915 provided in section 428 that neither the board nor any referee should be bound by the technical rules of evidence in conducting any hearing. By section 422 of the Acts of 1919, P. L. 642; 1937, P. L. 1552; and 1939, P. L. 520,

that clause has been added to by providing that findings of fact shall be based on sufficient, competent evidence, but as before pointed out the incompetency of surviving parties to testify to a contract or thing in action as against the representatives of a dead person is not *absolute*. Both the Supreme Court and this court have liberally interpreted this direction of the statute. See *Johnston v. Payne-Yost Const. Co.,* 292 Pa. 509, 141 A. 481; *Logue v. Gallagher,* 124 Pa. Superior Ct. 328, 334, 188 A. 395; *Stevens v. Taylor,* 138 Pa. Superior Ct. 335, 338-9, 10 A. 2d 886; *Broad St. Trust Co. v. Heyl Bros.,* 128 Pa. Superior Ct. 65, 71, 72, 193 A. 397; *Poluski v. Glen Alden Coal Co.,* 286 Pa. 473, 476, 133 A. 819.

Even apart from the claimant's testimony, we are of opinion that the evidence of Carter Bache, taken at the hearing on July 31, 1941, and the testimony of J. W. Schreiner, Hayden Davis and Carter Bache taken at the hearing on November 12, 1941, when it was agreed of record "by and between counsel representing all parties that the testimony being taken shall apply to both cases of Alfred R. Cease v. Carter Bache and Alfred R. Cease v. Amelia Thomas, Executrix of James E. Thomas, deceased", was sufficient to sustain the findings of fact of the referee, which were approved and adopted by the board, and to sustain the judgment appealed from; in fact, they would not sustain any finding except in favor of the claimant and against the Estate of James E. Thomas or his insurance carrier.

The release of damages executed by Alfred R. Cease to Carter Bache is not a material circumstance in this case. It does not mention workmen's compensation. If attempted to be applied to a valid workmen's compensation claim it was a nullity, since it was made without the approval of the compensation authorities and not in conformity with the Workmen's Compensation Acts: *Bair v. Susquehanna Collieries Co.,* 335 Pa. 266, 269, 6 A. 2d 779; *Blair v. Laughead,* 108 Pa. Su-

perior Ct. 407, 165 A. 58; Sec. 407 of the amended Workmen's Compensation Act of June 21, 1939, P. L. 520. If secured out of over-abundant caution to protect Bache against an action in tort, for which he was shown not to be liable, it had no effect whatever on the liability of Thomas's insurance carrier for compensation due the claimant: *Rosenfeld v. Stauffer,* 121 Pa. Superior Ct. 103, 109, 182 A. 714; *Union of Russian Societies v. Koss,* 348 Pa. 574, 578, 36 A. 2d 433.

The assignments of error are overruled and the judgment is affirmed.