Puskarich *v.* Puskarich, Appellant.

Argued November 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*C. A. Whitehouse,* Associate Counsel, with him *Ralph H. Behney,* Counsel and *Frank F. Truscott,* Attorney General, for appellant.

*Thomas A. Waggoner, Jr.,* with him *Joseph P. Matuschak,* for appellee.

OPINION BY GUNTHER, J., January 19, 1954:

The claimant applied for compensation for injuries sustained while working for his father, the defendant employer. The other defendant, State Workmen's Insurance Fund, contended that the employer was not insured because his policy had been canceled prior to the accident. After hearings the referee awarded compensation against the employer only, finding as a fact that there was no insurance coverage at the time of the accident. The Board affirmed the referee, but the court below sustained exceptions to the Board's decision, overruled that decision, and remanded the record to the Board with directions to modify the award to include the Insurance Fund as a defendant. The Insurance Fund took no appeal from that order of the court below. When the Board entered an order, modified as directed by the court, the Insurance Fund then appealed, and the court below dismissed the appeal on the grounds that the issue was res adjudicata. The Insurance Fund has appealed to this court contending that the order of remission of the court below was not a final, appealable order, but that it properly waited to appeal until the Board had issued its modified order in accordance with the decree of court.

There is no question that if the first decree of the court below was a final order the matter is res adjudicata, since the record discloses that the parties and the issue of insurance coverage were the same in both cases. The court below by its order held that there was insufficient competent evidence to sustain the Board's conclusion of law that the employer was not insured. Such decision was a question of law, since the court cannot make findings of fact, the Board being the ultimate fact finding body. *Gill v. Fives,* 170 Pa. Superior Ct. 564, 88 A. 2d 109. If the court decides that additional evidence is required or new find-

ings of fact must be made, it must remit the record to the Board for further action, and an order thereon will be interlocutory and not appealable. Section 427 of the Workmen's Compensation Act, 77 PS 877, 879. *Shemanchick v. M. & S. Coal Company, Inc.*, 167 Pa. Superior Ct. 350, 74 A. 2d 764. However, in this case, the order of remission required no further testimony or findings of facts by the Board, but only the formal entry of a new order in accordance with the court's conclusion of law. Where the question is one wholly of law it is not necessary that the record be remitted for the entry of the only possible order under the court's ruling. *Diaz v. Jones & Laughlin Steel Corp.*, 170 Pa. Superior Ct. 608, 88 A. 2d 801. Where the court nevertheless remits the record for the entry of a modified award, the court's order is final and appealable. *Strickland v. Baugh & Sons Co.*, 139 Pa. Superior Ct. 273, 11 A. 2d 547; *Kline v. Kiehl*, 157 Pa. Superior Ct. 392, 43 A. 2d 616.

The court below, therefore, entered a final order from which no appeal was taken within the statutory period.

Order affirmed.