## Kracoski *v.* Bernice White Ash Coal Co., Inc., Appellants.

Argued September 27, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*E. C. Marianelli,* with him *Warren M. Jones,* for appellant.

*Penrose Hertzler,* for appellee.

OPINION BY RHODES, P. J., March 20, 1957:

In this workmen's compensation case the claimant, Joseph Kracoski, was accidentally injured while in the employ of the defendant, Bernice White Ash Coal Co., Inc., on November 19, 1952. At that time claimant, while in the course of his employment, attempted to lift a rock under which a fellow employe was pinned. He felt a pain in his lower back and suffered a lumbosacral sprain or strain which resulted in a partial protrusion of the disc at the L-5 vertebra. Although he was partially disabled on this occasion he was able to work and suffered no loss of earnings. Defendant's insurance carrier was the Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, appellant, hereinafter called "Farmers." Claimant received treatments for this injury and continued working until a second incident. On March 30, 1953, while claimant and another were attempting to replace a derailed mine car upon the track, he again felt a pain

in the region of the fifth lumbar vertebra. The disc, which had previously partially protruded, was now completely ruptured. The Workmen's Compensation Board found that the 25 per cent partial disability was thereupon increased to total disability which lasted until August 10, 1953, after which his partial disability apparently did not result in any loss of earning power. On the date of the second incident defendant was insured by the Coal Operators Casualty Company, appellee, hereinafter called "Coal Operators." Claimant filed two claim petitions, one for each of the alleged accidents.[1] A hearing was held before a referee on October 26, 1953, on the petition relating to the first incident. Defendant was represented at this hearing by counsel for Farmers; Coal Operators was not represented and it did not participate in this first hearing. On April 29, 1954, a hearing was held on the petition relating to the second incident at which time defendant was represented by counsel for Coal Operators; Farmers' counsel did not attend. At this second hearing, on motion of counsel for claimant, the referee ruled that both petitions would be heard upon a common record. Consequently, at the third and final hearing before the referee, counsel for both insurance companies participated and agreed to the use of a common record. Although he had heard both petitions in common, the referee made a separate disposition of each petition. The referee found that the first injury was accidental and caused the initial partial disability and the subsequent total disability to August 10, 1953; that claimant's total disability, subsequently changed

---

[1] On September 11, 1953, he filed claim petition No. 131,438 for disability resulting from the first injury on November 19, 1952. On January 28, 1954, claim petition No. 132,731 was filed for the disability after the second incident on March 30, 1953.

to 25 per cent partial, was the result of a recurrence on March 30, 1953, and not accidental in origin.

Farmers, which was held liable by the referee, filed an appeal with the board from the award on the claim petition covering the first incident. No appeal was taken by anyone from the formal disallowance of compensation by the referee on the second claim petition. Claimant obviously was not required to appeal as he had an award in his favor which fully covered his disability and which was in accord with the medical testimony presented by him and by defendant. On appeal by Farmers, the board, acting without notice to Coal Operators, held two hearings and made inconsequential changes in the referee's findings of fact concerning the second incident. But the board was of the opinion that the second incident was an accident within the meaning of the Workmen's Compensation Act; and it ordered Coal Operators instead of Farmers to pay the compensation. Coal Operators then appealed to the Court of Common Pleas of Sullivan County which in turn reversed the board on its conclusions of law and entered judgment for claimant against defendant and Farmers. See *Puskarich v. Puskarich*, 174 Pa. Superior Ct. 581, 583, 102 A. 2d 191. This appeal by Farmers followed.

There is no contention on this appeal that claimant did not sustain an accidental injury on November 19, 1952, or that he did not at that time suffer a lumbosacral sprain or strain with protrusion of the disc which later ruptured. Both the referee and the board found these facts, and Farmers does not question the findings. Farmers' contention is that the second incident was a separate accident which aggravated the preexisting condition, and that this new injury caused total disability. On this issue the board found as fol-

160

lows: ". . . that on March 30, 1953, while still in the course of his employment with the defendant, the claimant was trying to put a derailed mine car back on the track with the help of another man and that while doing so, he sustained a new injury when he felt a pain in the region of the fifth lumbar vertebra and that said lifting resulted in a complete rupture of the disc, which previously had only partially protruded; and that the diagnosis of a ruptured disc was first made on March 30, 1953, by Dr. Theodore Saul, with radiating pain down the right sciatica nerve and that this diagnosis of a ruptured disc was concurred in by Dr. Arthur B. King, when he first saw the patient on April 8, 1953. The injury on March 30, 1953 was of accidental origin." The board does not indicate the nature of the accident on March 30, 1953, other than that claimant felt the pain when he lifted a mine car, which appears to have been within his regular duties. Claimant was acting as mine foreman on the second occasion; he and defendant's superintendent testified that replacing the mine car was a part of his regular work. It does not appear in this record or in the findings of the board that the lifting on this occasion was done in any way other than the usual manner. The opinion of the board indicates that although the lifting was part of claimant's regular duties it nevertheless constituted an accident because it aggravated the prior condition.

While the board is the ultimate arbiter of the facts and its findings are binding on appeal if supported by competent evidence (*Greap v. Oberdorff*, 178 Pa. Superior Ct. 153, 157, 113 A. 2d 339; *Messikomer v. Baldwin Locomotive Works*, 178 Pa. Superior Ct. 537, 543, 115 A. 2d 853), we may review questions of law, including whether the law has been properly applied to the facts.

The basic facts are not in dispute. Accepting the board's recital, they will not support its conclusion that the second incident was an accident within the meaning of the compensation act. The mere disability occurring in the normal course of claimant's work is in itself not sufficient to raise even an inference of accidental injury. *Adamchick v. Wyoming Valley Collieries Company,* 332 Pa. 401, 3 A. 2d 377. An accident is ordinarily considered to mean some outward untoward event, but it is not limited thereto. "Employees who are injured in the usual course of their employment while doing their usual work in a usual manner without any outward untoward event are not precluded from compensation in all cases. '. . . a compensable injury may occur in the course of the normal duties of an employee and without overexertion, when a strain, sprain or twist causes a *break* or sudden change in the physical structure or tissues of the body—that is a *fracture* of the bone or bony cartilage, or a *rupture* of the softer tissues.' " *Landis v. General Motors Corporation,* 180 Pa. Superior Ct. 332, 335, 119 A. 2d 645, 647. There is no evidence that the rupture of claimant's disc, which occurred in the course of his usual employment on March 30, 1953, was the result of a strain, sprain, or twist. Claimant did have a pre-existing condition which was disabling. Where a claimant has a pre-existing condition, the mere aggravation thereof is itself not compensable unless there is clear proof of an accident in the ordinary lay understanding of that term. *Garver v. B. K. Elliott Company,* 155 Pa. Superior Ct. 511, 515, 38 A. 2d 533; *Patterson v. Philadelphia Dairy Products Company,* 177 Pa. Superior Ct. 195, 199, 110 A. 2d 797; *Landis v. General Motors Corporation,* supra, 180 Pa. Superior Ct. 332, 335, 119 A. 2d 645. Overexertion which aggravates a pre-existing

condition may be sufficient. *Landis v. General Motors Corporation,* supra, 180 Pa. Superior Ct. 332, 335, 119 A. 2d 645; *Garver v. B. K. Elliott Company,* supra, 155 Pa. Superior Ct. 511, 515, 38 A. 2d 533. There is nothing in this case to establish, and the board did not find, that there was any strain, sprain, or twist on the second occasion; and it does not appear that there was any overexertion or other accident in the usual sense of that term. It may be true that the second incident of lifting aggravated the pre-existing condition, but that is insufficient to support a conclusion that the second incident was a separate accident within the meaning of the compensation act. See *Ricketts v. Bell Telephone Company,* 178 Pa. Superior Ct. 588, 591-593, 115 A. 2d 818. The findings of fact of the board as well as the medical testimony in this record[2] fully indicate that the total disability resulted from the accidental injury of November 29, 1952, which was merely increased or intensified by the non-accidental incident of March 30, 1953. See *Rathmell v. Wesleyville Borough,* 351 Pa. 14, 16, 40 A. 2d 28.

We cannot overlook the action of the board on the appeal of Farmers without giving Coal Operators notice and an opportunity to be heard. As we have indicated, the only appeal was from the award of the referee based on the accident of November 29, 1952, and this was taken by Farmers. No notice was given to Coal Operators which the board subsequently held liable for payment of the compensation. Under the

---

[2] Both Dr. Saul, who testified for claimant, and Dr. King a specialist to whom Dr. Saul referred claimant, testifying for defendant, said that there was a recurrence of the herniated disc condition which could be brought about by any trivial act. It was stated to be an "intensification of the original injury, rather than an aggravation."

Workmen's Compensation Act, 77 PS §§855, 856, notice of the appeal must be given to "all parties in interest," and they must be given an opportunity to be heard. *Kenny v. Esslinger's Brewery,* 161 Pa. Superior Ct. 451, 455, 456, 55 A. 2d 554. It is not always necessary that additional testimony be taken before the board (77 PS §856), but an opportunity to be heard on the issues is required. See *Unora v. Glen Alden Coal Company,* 377 Pa. 7, 11, 104 A. 2d 104. In view of the fact that this case was considered upon a common or consolidated record (Cf. *Miller v. Textor Transfer Company,* 106 Pa. Superior Ct. 38, 161 A. 442; *Byrne v. Henry A. Hitner's Sons Co.,* 290 Pa. 225, 235, 138 A. 826) involving both incidents and two insurance carriers which were the real defendants and parties in interest (*Cease v. Thomas,* 155 Pa. Superior Ct. 215, 222, 38 A. 2d 547), notice to Coal Operators and an opportunity to be heard were essential to any determination by the board adverse to that insurance carrier. While compensation cases are not conducted with the strict technicalities of some litigation (*Wilkinson v. United Parcel Service of Pennsylvania, Inc.,* 158 Pa. Superior Ct. 22, 29, 43 A. 2d 408), the requirement of notice is basic and fundamental and must be observed. See *Hess v. Westerwick,* 366 Pa. 90, 96, 97, 76 A. 2d 745. However, the error is harmless in view of our disposition of the appeal.

We are convinced that, under the circumstances, the court below had the power and the duty to enter judgment for claimant. See *Apker v. Crown Can Company,* 150 Pa. Superior Ct. 302, 304, 28 A. 2d 551; *Puskarich v. Puskarich,* supra, 174 Pa. Superior Ct. 581, 583, 102 A. 2d 191; *Ricketts v. Bell Telephone Company,* supra, 178 Pa. Superior Ct. 588, 593, 115 A. 2d 818.

Judgment of the court below is affirmed.