## Wyoming Radio, Inc., v. Pennsylvania Labor Relations Board

*Murray Mackson*, for petitioner.

*Anne X. Alpern*, Attorney General, and *Raymond Kleiman* and *James F. Wilderman*, Assistant Attorneys General, for board.

PINOLA, J., February 14, 1961.—We have for consideration the petition of Wyoming Radio, Inc., to review a final decision and order of the Pennsylvania Labor Relations Board under the provisions of section 9 (*b*) of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, 43 PS §211.9 (b).

On July 5, 1960, the National Association of Broadcast Employees and Technicians, AFL-CIO, filed a petition concerning the representation and certification of employes of Wyoming Radio, Inc., for the purpose of collective bargaining and requesting the board to investigate the matter and certify the name of the representative designated or selected by a majority of such employes in an appropriate unit in accordance with section 7 (c) of the Pennsylvania Labor Relations Act.

An investigation was ordered by the board, and on July 13, 1960, a hearing was held. On July 29, 1960, the board ordered an election among the six employes of Wyoming Radio, Inc., comprising technicians, announcers, continuity writer and receptionist. It was held on August 5, 1960. Five ballots were cast in favor of representation by the union and no ballots were cast against such representation.

Thereupon the board issued its nisi order of certification setting forth the union as having been selected and designated as the exclusive representative of all employes.

On August 17, 1960, Wyoming Radio, Inc., filed exceptions to the inclusion of the receptionist and the continuity writer in the unit. Exception was also taken to the jurisdiction of the board.

On September 7, 1960, the board dismissed the exceptions and the nisi order of certification was made absolute and final. It is this decision which we are asked to review.

The employer contends that the board erred . . . as follows:

"(a) The Board was in error in prematurely assuming jurisdiction over the Petitioner's business without first considering the Employer's financial statement which it agreed to do. . . .

"(d) The Board erred in denying Petitioner the right to present oral argument in support of its exceptions filed to the Board's order of August 8, 1960, which right the Petitioner requested.

"(e) The final decision and order of the Board dated September 7, 1960 dismissing the Petitioner's exceptions was, consequently, for the reasons hereinabove set forth, improper as a matter of law and against the weight of the testimony. . . ."

Petitioner first contends that "The Board was in error in prematurely assuming jurisdiction over the Petitioner's business without first considering the Employer's financial statement which it agreed to do."

At the hearing held on July 13th the station manager testified at length relative to the gross and projected revenue of his employer's business.

The trial examiner stated as follows:

"We will ask the Employer to submit to this Board and a copy to the Union, a financial statement to substantiate the testimony given by this witness *before a determination on the jurisdictional aspect of this case will be made by the Board.*

"Mr. Philip: We will produce such a statement, Mr. Examiner." (Italics supplied.)

Furthermore, the trial examiner asked:

"Would you be able to furnish us with a financial statement as to the purchases and sales of this company?

"Mr. Philip: We will furnish such a statement, Mr. Examiner."

On July 29th, without having received the employer's financial statement, and without any notification to the employer, the board rendered its decision and order fixing the time and place of an election.

The examiner was not satisfied with the approximations of the employer's gross revenue and, therefore,

he requested that the testimony be supported by the financial statement. The board, contrary to the declaration of the trial examiner, proceeded to determine the jurisdictional issue without waiting for the financial statement. Its action was violative of the basic requirements of fairness.

An agency, to repeat the celebrated words of Farwell, L. J., "is not an autocrat free to act as it pleases, but is an inferior tribunal subject to the jurisdiction which the . . . [courts have] for centuries exercised over such tribunals": Rex v. Board of Education, (1910), 2 K. B. 165, 179 (C. A.). The courts in this country have succeeded to the corrective jurisdiction which the court of kings bench exercised over government officials from almost the very beginning of its history.

Administrative proceedings must be consistent with the essentials of a fair trial. One of these basic principles of fair play is the opportunity to fully submit the evidence required of the employer by the trial examiner, and the board should have waited for the financial statement. . . .

Finally, petitioner contends that "The Board erred in denying Petitioner the right to present oral argument in support of its exceptions filed to the Board's order of August 8, 1960, which right the Petitioner requested."

Rule 17.3 of the Pennsylvania Labor Relations Board, May 1, 1957, provides:

"Any party filing exceptions, . . . may request oral argument before the board thereon. Upon such request, or upon its own motion, the board *may* order oral argument, upon due notice to all parties of the time and place for argument."

This permissive oral argument is similar to that in the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, sec. 33, 71 PS §1710.33, which provides:

"All parties shall be afforded opportunity to submit briefs prior to adjudication. Oral argument upon substantial issues *may* be heard by the agency." (Italics supplied.)

Both of these rule we believe to be violative of due process.

In Foley Brothers, Inc., v. Commonwealth, 400 Pa. 584, Justice Bok declared (page 591) :

"(T)he important thing is that they who decide must consider all of the evidence, and in the event of a member of the hearing body dying, it should suffice that his successor consider, by reading from the record what he has not heard, in order to avoid the practical and expensive difficulty of requiring a full rehearing. Of equal import is the right of the parties to make argument before the determining body on the issues involved."

He quoted from Morgan v. U. S., 298 U. S. 468, 56 S. Ct. 906, 80 L. Ed. 1288:

"Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense."

And then he referred to Davidson Unemployment Compensation Case, 189 Pa. Superior Ct. 543, where the court said (page 549) :

"The board may properly utilize its official staff facilities in affording the claimant the opportunity to present evidence. The board of course may conduct its own hearings, and the due process requirements do not prevent it from utilizing a hearing examiner for the conduct of such hearings. The question of the opportunity to be heard on the issues by way of argument presents a different problem. The board is the ultimate fact-finding tribunal, and, as we have seen, the opportunity to make argument on the issues before that body is required."

Justice Bok pointed out that the signatures of all

three arbitrators is a guarantee, absent evidence to the contrary, that they gave full consideration to the case, and the record shows that all three were present to hear oral argument.

He then quoted from Morgan v. Sanderson, 146 Pa. Superior Ct. 37, pointing out that a statement by either a referee or the board that it has read all the testimony is not necessary. Like judges of courts of law, they are presumed to perform the duties of their office. Referring to the court of law, Judge Kenworthey declared (page 40) :

"Similarly, its action would not be reviewable on the ground it failed to state that in reaching its opinion it was free from bias or prejudice; that it had no interest in the case which would disqualify it in rendering impartial judgment; that it had read the record and the briefs of counsel; that it had listened carefully to the oral argument. These and similar matters, implicit in the judicial function conscientiously performed, are presumed."

Justice Bok added:

"This is particularly so since we consider the board as a judicial tribunal."

In the Davidson Case, supra, President Judge Rhodes concluded (page 550) :

"(T)he opportunity to be heard by the board does not necessitate the automatic listing of every case for argument. . . . Due process requires the opportunity to be heard; we believe that this is satisfied when argument is granted upon request."

For cases in agreement, see Unora v. Glen Alden Coal Company, 377 Pa. 7, 11, 104 A. 2d 104; Pennsylvania State Athletic Commission v. Bratton, 177 Pa. Superior Ct. 598, 604, 112 A. 2d 422; Kracoski v. Bernice White Ash Coal Co., Inc., 183 Pa. Superior Ct. 155, 163, 130 A. 2d 190.

Courts of other jurisdictions take the same position.

In Railroad & Warehouse Commission v. Chicago & North. Ry. Co., 98 N. W. 2d 60 (Minn.), railroads complained that although they requested an opportunity to submit a written brief, they were denied that right at the close of the testimony before the commission. The commission in its rule provided for filing of briefs. With reference to oral argument, the rule was as follows:

"The Commission *may* order oral argument in its discretion, but if oral argument is desired by any of the parties to the proceeding, the Commission should be notified before or at the hearing. Such argument will be transcribed and bound with a transcript of the testimony and will be available to the Commission for consideration in deciding the matter."

The court declared (page 65) :

"There is no doubt that the right to oral argument clearly is discretionary in view of the wording of Rule XIV (3). However, the railroads contend that a reading of the rule in its entirety leads to the conclusion that the parties are entitled to file a written brief as a matter of right."

The court then quoted from several United States Supreme Court cases as follows (page 66) :

"In Londoner v. City & County of Denver, 210 U.S. 373, 386, 28 S. Ct. 708, 714, 52 L. Ed. 1103, 1112, the court said:

" '. . . a hearing, in its very essence, demands that he who is entitled to it shall have the right to support his allegations by argument, however brief; and, if need be, by proof, however informal.'

"In Morgan v. United States, 298 U. S. 468, 481, 56 S. Ct. 906, 912, 80 L. Ed. 1288, 1295, the court said that 'Argument may be oral or written.' However, any rule regarding the necessity of argument was not clarified by the Supreme Court in Federal Communications

Commission v. WJR, 337 U. S. 265, 276, 69 S. Ct. 1097, 1103, 93 L. Ed. 1353, 1360, wherein the court said:

" '. . . the right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations.'

"Despite this latter case, it would appear that in order to satisfy procedural due-process requirements there must be, in addition to the opportunity for presentation of evidence, the right to argument, either oral or written."

It then concluded:

"The right to present the contentions of the parties and to point out the inferences and conclusions which they believe should be drawn from the evidence, by argument, either oral or written, is as much a part of due process as the right to present evidence itself. The record does not show that the railroads requested the right to argue the case orally. Inasmuch as there must be a reversal, we now hold that it would be error to deny the railroads the right to argue the case, either orally or by written briefs. Certainly in a case such as this, involving complicated evidence, much of which is in the form of comparison of mathematical computations as to rates in this and other states, the right to file written briefs ought to be freely granted. In the event that right is to be denied, the parties are entitled to present their views in the form of oral argument."

Under the circumstances, we are required to enter the following

*Decree*

Now, February 14, 1961, at 9:30 a.m., the order heretofore entered in the above case is hereby set aside and the proceedings are referred to the Pennsylvania Labor Relations Board, with directions (1) to receive the financial statement of petitioner requested by the trial examiner, and (2) to afford an opportunity for oral argument to petitioner.