## Houseal, Appellant, *v.* Certain-Teed Products Corporation.

Argued March 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Allen H. Smith,* for appellant.

*Robert O. Beers,* with him *Anderson, Ports, May, Beers & Blakey,* for appellee, submitted a brief.

OPINION PER CURIAM, June 12, 1969:

Order affirmed on the opinion of the court below.

Dissenting Opinion by Hoffman, J.:

Appellant is a claimant under The Pennsylvania Workmen's Compensation Act.

On July 5, 1958, he suffered an accidental leg injury while employed by appellee. He was then sixty-seven years old. In 1959, following a hearing, he was awarded compensation for 50% disability. This compensation was paid until the maximum period allowed by law for such partial disability expired in 1965.[1]

On March 17, 1966, appellant filed a petition to reinstate compensation on the ground that his original disability had become total. A hearing was held before a compensation referee where the accepted and undisputed medical testimony established that appellant's injured leg "has become 10 to 15% worse than it was at the time of the original award of 50% disability was granted. . . . [T]his is the result of the aging process and the influence of the accident on the knee of the claimant who is now 78 years of age and the influence of the aging process on the knee which was injured in the accident." Aside from his leg injury appellant would be fully capable of working to the same extent as an average healthy man of comparable years. Nonetheless, his leg injury has so incapacitated him that he is "totally disabled from doing the same work he did before the accident."

The Board concluded, however, that the aggravation of the original injury by the natural aging process did not constitute the kind of total disability that is legally compensable under the workmen's compensation laws. "[T]he claimant is not totally disabled *as the result of the accident* . . . ." (Emphasis added). It

---

[1] Compensation for partial disability cannot exceed 350 weeks of benefits, whereas payments for total disability are not limited by any term but may be paid for life. Act of June 2, 1915, P. L. 736, §306(a), (b), as amended, 77 P.S. §§511, 512.

refused to consider, therefore, the increase in disability due to aging.

The lower court affirmed the Board's action and this appeal followed.

The only question on this appeal was framed by the lower court: "Where an employee suffers a compensable injury resulting in partial disability lasting over a long period of time, does the natural aging process over such period which increases his disability from partial to total entitle him to increased compensation for total disability?"

Preliminarily, it should be noted that we are not foreclosed from considering this important question by the Board's decision that such change is not compensable. This is a conclusion of law, as the physical facts in this case are not in dispute. Accordingly, those cases which stand for the proposition that this court lacks power to review the findings of fact of the compensation authorities are inapposite. We may always review whether the Board correctly construed the law and "properly applied [it] to the facts as found." *Krivosh v. Sharon,* 205 Pa. Superior Ct. 498, 211 A. 2d 109 (1965).

The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, §301(c), as amended, 77 P.S. 411, provides that those injuries which are compensable under the act shall "mean only (those which result in) violence to the physical structure of the body, and such disease or infection *as naturally results therefrom. . .*" (emphasis added). While this statutory definition has been subject to constant judicial interpretation, the precise question on this appeal has been treated by the Board and the court below as novel. This approach, in my view, ignores analogous cases which furnish a framework for disposing of this claim.

The Act itself, as quoted above, provides that aggravation of the actual injury subsequent in time to the accident is compensable if such aggravation "naturally results therefrom." This language enunciates a statutory policy that compensation should be geared and periodically adjusted to reflect the totality of the effect of the injury. The Act does not specify that aggravation must manifest itself within a certain time period. Rather, the criteria to be applied in determining compensability is whether the complication or aggravation is the natural result of the injury. *Friel v. Sun Shipbuilding & Drydock Co.*, 174 Pa. Superior Ct. 320, 101 A. 2d 171 (1953).

Indeed, our cases have held that such subsequent complication or aggravation of the original injury need not result from "disease or infection" as those terms are conventionally understood so long as the complication is one which "naturally results" from the original injury.

This standard was first supplied by *Marshall v. Pittsburgh*, 119 Pa. Superior Ct. 189, 180 A. 733 (1935).

"There is a strong analogy between the principles involved in proximate cause as applied to personal injury cases and causal connection in compensation cases. An examination of such tort cases throws light on the subject, although we do not mean to hold that the responsibility of an employer under the compensation law may not be more extensive than that of a defendant in a negligence case. That question, argued by the parties, can be decided when it arises. In negligence cases, 'Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences be immediately brought about by intervening causes, if such intervening causes were set in mo-

tion by the original wrongdoer': Boggs v. Jewell Tea Co., 266 Pa. 428, 433, 109 A. 666. Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause: . . . 'If the negligent actor is liable for an injury which impairs the physical condition of another's body, the actor is also liable for harm sustained in a subsequent accident which would not have occurred had the other's bodily efficiency not been impaired': Restatement of the Law of Torts, §460, . . .

"We see no reason why these principles should not be applied to a workmen's compensation case such as we are considering."

Thus, in *Gower v. Mackes*, 184 Pa. Superior Ct. 41, 132 A. 2d 880 (1957), we held that an employee was entitled to compensation for a disability caused by a hip fracture which resulted from a fall at his home. The fall was the probable result of an on-the-job knee injury which occurred two and one-half months earlier.

"There is a connecting chain of events leading from the original injury on June 27, 1952 to the breaking of the hip on September 12, 1952 and it was logical for the board to conclude that the proximate, natural and probable cause of the hip injury was the injury sustained on June 27, 1952. Where an employer is liable for an injury which impairs the physical condition of the claimant's body he is also liable for compensation of injury received in a subsequent accident which would not have occurred if the claimant's bodily efficiency had not been impaired in the first accident." At 45.

Similarly, in *Kracoski v. Bernice White Ash Coal Co., Inc.*, 183 Pa. Superior Ct. 155, 130 A. 2d 190 (1957), we held that a claimant who was accidentally injured on the job was entitled to an award of total disability when, four months later, he aggravated his initial in-

jury. In doing so we specifically upheld the referee's finding that the second injury did not constitute a separate accident within the meaning of the compensation act. Nonetheless, the insurance carrier of the employer, at the time the initial injury took place, was held liable for the subsequent aggravation as that naturally flowed from the first injury. "[T]he total disability resulted from the [first] accidental injury . . ., which was merely increased or intensified by the [subsequent] non-accidental incident. . . ." At 162.

In the instant case, appellant did not suffer a second accident which might have been avoided. Instead, his initial damage was compounded by the most usual, predictable and normal of complicating factors: old age. This too should be compensable.

We always have considered age as an acceptable, contributing factor in determining the extent of a claimant's compensable disability. A seventy year old person and one twenty years old who suffer identical leg injuries are treated differently under compensation law because the resulting infirmity is generally much more severe for the seventy year old. Although age is rarely explicitly mentioned, it is the one factor which explains the discrepancy in the disability caused by the injury and the consequent difference in compensation awarded.

This stems from the recognition that the sole independent cause of the claimant's disability is not his age or aging process. Rather, it is his initial on-the-job injury.

This is the implied holding of *Lieberman v. Sunray Drug Co.*, 204 Pa. Superior Ct. 348, 204 A. 2d 783 (1964). In that case the deceased, then age 61, was severely injured in the course of his employment. He was hospitalized for two months and then allowed to go home under conditions of enforced bed rest. Dur-

ing that period his major difficulty was a form of paralysis from a nerve injury involving a broken hip on the left side. One year after the accident, however, he returned to work on crutches and two months later he suffered a cerebral vascular accident which caused his death.

Our court awarded death benefits to the widow on the basis that the treatment of the original compensable injury caused the claimant to be confined to his bed for a long period of time. This in turn caused loss of muscle tone which resulted in a weakened condition contributing to his death.

Significantly, however, in demonstrating a causal connection between the deceased's original accident and his death we stressed the effects of the natural aging process on the deceased's recovery. Quoting approvingly from the testimony of the claimant's medical witness which was accepted by the Board we stated: " 'Now, there is another factor which we must consider that is important. An individual of any age who is put at rest loses muscle tone. Now, there is an important difference in a man of sixty who loses muscle tone and one of twenty or thirty. The latter will get back his muscle tone much more readily, much more quickly and suffer less consequences. That is not so of an individual of the former year age or in the sixties.' " At 353.

Moreover, this result is in accord with the theory generally applied to workmen's compensation cases that the employer takes the claimant as he finds him. If a pre-existing disease is aggravated and accelerated by an accident, causing disability or death, compensation will be awarded. *Mohler v. Cook*, 205 Pa. Superior Ct. 232, 209 A. 2d 7 (1965). It would be anomalous to allow a claimant injured at age 78 to recover to the full extent of his disability but not allow a 67 year

old man who suffers an identical injury to recover to the full extent of his disability when he becomes 78. Fairness and logic, it seems to me, require that these two claimants be treated alike. I can discern no legislative policy which would favor a contrary result.

Such is the import of *Clark v. Clearfield Opera House Co.*, 275 Pa. 244, 119 A. 136 (1922). There the Supreme Court found the claimant, a seventy-nine year old man suffering from an ununited fracture of the neck of the left femur at or near the hip joint, to be totally disabled. During the course of its finding the Court said: "Captain Clark has been found to be totally disabled; our conclusion is not influenced because of his age, though humane principles should guide us in the interpretation of this law. If necessary to sustain the award because claimant is an old man, predisposed to such accidents, we would not hesitate to do so, . . ." At 246.

Similarly, in *Cunningham v. Guerrina*, 188 Pa. Superior Ct. 288, 146 A. 2d 318 (1958), we stated that in determining total disability we are to consider a claimant's age.[2]

Accordingly, I would remand this case to the Board for an appropriate total disability award, in the light of its findings and *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A. 2d 891 (1967), which held that the burden of proving that work is available to a totally disabled nondescript is upon the employer.

---

[2] Moreover, in *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601 (1969), the Supreme Court noted that age is a factor to be considered in determining whether a claimant has suffered an unusual strain. "What is an unusual strain for a carpenter sixty-four years of age who had apparently worked many years in more tranquil surroundings may be far different from what would be an unusual strain for a twenty-year old apprentice carpenter."