Nash *v.* Sandnes' Sons, Inc.

Argued September 7, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINKINSON, JR., MENCER and ROGERS. Judge BLATT did not participate.

*Lloyd R. Persun,* with him *Robert J. Woodside* and *Shearer, Mette, Hoerner & Woodside,* for appellant.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for appellee.

OPINION BY JUDGE KRAMER, October 17, 1972:

This is an appeal by Sandnes' Sons, Inc. (Sandnes), the employer, from an Order of the Workmen's Compensation Board (Board) dated April 13, 1972, affirming the award of the Referee to Peggy Nash (Nash), the claimant employee, for what was found by the Referee to be a compensable injury. This appeal was taken directly to this Court, under the provisions of the Act of February 8, 1972, P. L.     (No. 12) whereby this Court became the first court of review in place of the courts of common pleas. Our review of these statutory changes leads us to conclude that our scope of review remains the same as it was prior to Act No. 12 of 1972, with the possible exception that Section 427 of Act No. 12 states: "In any appeal to the Commonwealth Court, the scope of review shall be as provided in section 44, act of June 4, 1945 (P. L. 1388), known as the Administrative Agency Law." (71 P.S. §1710.44). Section 44 of the Administrative Agency Law states, in pertinent part: "The court to which the appeal is taken shall hear the appeal without a jury on the record certified by the agency. After hearing, the court shall affirm the adjudication unless it shall find the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence."

The facts of this case taken from the findings of fact of the Referee, all of which we find to be supported by

substantial evidence, indicate that Nash had been in the employ of Sandnes for a period of about three years. Her regular duties required her to weave a four inch strip of material about the edges of nets (used by the military) which were spread out on a table, after which she would fold the nets and pass them along to the next employee in the line of production. Early in March of 1968, due to changes in Sandnes' production, Nash was assigned to a new duty in which she was required to carry and manipulate a much heavier canvas tarpaulin. She was required to attach a pulley rope to the center of the tarpaulin, and hoist the tarpaulin a distance of about fifteen feet to a position where another employee performed some sewing work to the edges of the tarpaulin. On March 19, 1968, while carrying out these new duties, and while pulling the rope hoisting the tarpaulin, "she felt something snap or break in her right wrist, forcing her to let go of the rope and causing the canvas tarpaulin to fall to the floor." She reported the incident to her employer's representatives. She immediately experienced great pain and swelling in her right hand and wrist.

Sandnes, in its appeal to this Court, contends that the Board was in error when it concluded that Nash suffered an accident within the meaning of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq. Sandnes also alleges that Nash failed to prove a causal connection between the accident and the injury sustained.

As this Court has said in several recent cases, our scope of review, where the Board has made an award in favor of the employee claimant, is to determine whether or not there is substantial evidence to support the findings of the Board, giving to the employee claimant the benefit of the most favorable inferences deducted from the testimony. See *Bambrick v. Asten Hill Man-*

*ufacturing Co.,* 5 Pa. Commonwealth Ct. 664, 291 A. 2d 354 (1972) ; *Stump v. Follmer Trucking Co.,* 4 Pa. Commonwealth Ct. 110, 286 A. 2d 1 (1972). We have also recently reviewed the "Substantial Evidence Rule" in the case of *A. P. Weaver and Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 284 A. 2d 515 (1971) where we held that substantial evidence should be construed to confer finality upon an administrative decision on the facts when upon an examination of the entire record the evidence, including the inferences therefrom, is to be found to be such that a reasonable man acting reasonably might have reached the same decision. Our position is aptly summarized in *Stump v. Follmer Trucking Co., supra,* wherein Judge MENCER said : "We must recognize that the Board is the fact finding body and it is not the prerogative of the lower court or of this Court to assume this privilege. Puskarich v. Puskarich, 174 Pa. Superior Ct. 581, 102 A. 2d 191 (1954). The findings of the Board prevail on appeal if there is competent and substantial evidence in the record to sustain them. Gaughan v. Commonwealth, 208 Pa. Superior Ct. 406, 222 A. 2d 446 (1966). As we said in State Workmen's Insurance Fund v. Young, 2 Pa. Commonwealth Ct. 423, 427, 276 A. 2d 552, 555 (1971), quoting with approval from Dindino v. Weekly Review Publishing Company, Inc., 188 Pa. Superior Ct. 606, 610, 149 A. 2d 475, 477 (1959) : 'Questions of fact are for the compensation authorities and the appellate court may not make an independent appraisement of the evidence : Berman v. George J. Blair Company, 137 Pa. Superior Ct. 193, 8 A. 2d 731.' " 4 Pa. Commonwealth Ct. at 113, 286 A. 2d at 2.

A careful review of the medical testimony presented by Nash (Sandnes presented no testimony or evidence) supports the Board's and Referee's conclusion that Nash's disabling injury and her medical and hospital

attention were a result of the accident, which occurred on March 19, 1968.

On causal connection, we are also aided by the decision of the Pennsylvania Supreme Court in the case of *Hamilton v. Procon, Inc.,* 434 Pa. 90, 252 A. 2d 601 (1969), wherein the court held that in determining a compensable injury due to an unusual strain, we are to take notice of the work history of the individual. In that case the court said: "As we read the instant record we find sufficient evidence that the overexertion involved in the walking between the parking area and the job site and working in terrain conditions which necessitated walking in deep mud were unusual to the work pattern of the deceased. We recognize that overexertion which aggravates an existing disease may constitute an accident and that proof of aggravation of pre-existing conditions is not, standing alone, sufficient to prove an accident or to raise an inference that its cause was accidental. However, viewing the record in its entirety, we must come to the conclusion that the overexertion, unusual to the deceased, aggravated deceased's pre-existing heart disease to the extent that it did cause an 'accident' within the statutory meaning." 434 Pa. at 99-100, 252 A. 2d at 605.

In the case of *Mapp v. City of Philadelphia,* 215 Pa. Superior Ct. 101, 257 A. 2d 306 (1969), the Pennsylvania Superior Court applied the unusual strain doctrine to a fact situation where the employee collapsed due to the strain and stress of additional duties which were new to her prior regular course of employment. There the court cited the case of *Kracoski v. Bernice White Ash Coal Co.,* 183 Pa. Superior Ct. 155, 130 A. 2d 190 (1957) where the court had stated: "Where a claimant has a pre-existing condition, the mere aggravaation thereof is itself not compensable unless there is clear proof of an accident in the ordinary lay under-

standing of that term. . . . Overexertion which aggravates a pre-existing condition may be sufficient." 183 Pa. Superior Ct. at 161-62, 130 A. 2d at 194.

The last cases cited are of some import in this case because Sandnes contends that the existence of a prior condition known as "carpal tunnel syndrome" in Nash's right wrist, when coupled with Sandnes' allegation that Nash was doing work similar to that which she had been doing prior to the accident, disprove a compensable injury. Sandnes, however, overlooks the fact that the record discloses Nash had been examined on March 15, 1968 (just four days prior to the accident), for treatment of obesity. The doctor who examined Nash for obesity was also one of the doctors who treated Nash for her later injury. At the prior physical examination, Nash made no complaint concerning her right wrist, which this same doctor had treated for the carpal tunnel syndrome two years prior, and he took no notice of any difficulty with Nash's right wrist. The record adequately supports by substantial evidence the findings and conclusions of the Referee and the Board. Therefore under the provisions of Section 427 of Act No. 12 of 1972, we enter the following

ORDER

AND Now, this 17th day of October, 1972, the Order of the Workmen's Compensation Board, entered in the above noted case on April 13, 1972, is affirmed and judgment is hereby entered as is more fully described in the Award of the Referee, dated November 4, 1970.