## Canton *v.* Cameron Manufacturing Company, et al.

Argued December 6, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Joseph J. Lee,* for appellants.

*Robert M. Hanak,* for appellee.

OPINION BY JUDGE WILKINSON, December 19, 1972:

On February 14, 1968, at 4:00 a.m. in the morning, while removing ashes from a furnace, claimant-appellee suffered an injury to his back. He reported it promptly. Prior to that time, he had worked for appellant since 1965 and had missed only one day's work, that occasioned by a death in his family. Since that time, he has not worked and, according to uncontradicted testimony, he has not been able to even mow his own lawn and has been forced to hire others to do necessary odd jobs which heretofore he had done for himself. It has taken almost five years for these parties to obtain what, hopefully, will be a final determination of claimant-appellee's right to workmen's compensation.

Several hearings were held, at the first of which claimant-appellee was not represented by counsel and at the second, counsel having been secured, he was not represented due to counsel being prevented from arriving at the meeting by a storm. Nevertheless, through the cooperation of the Referee, now deceased, and able counsel for both sides, we have a record that, while

not free from contradictions nor completely clear on all points, does contain sufficient competent evidence to support the decision of the Workmen's Compensation Board that claimant-appellee suffered a compensable accident within the meaning of the Workmen's Compensation Act and, as a result thereof, is totally disabled. On this basis, the findings of the Board must be affirmed. *Nash v. Sandnes' Sons, Inc.,* 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972).

The fundamental dispute of fact revolves around whether claimant-appellee slipped or twisted his ankle while lifting a tub of wet ashes, suffering a crippling back injury. The Referee found that he did not, but the Board sustained the appeal, finding that he did. The only affirmative evidence that he did not is contained in a statement prepared by the insurance carrier's agent and later signed by claimant-appellee, wherein it is stated: "I did not slip, fall, bump myself or have any unusual twist." That statement, while signed by claimant-appellee, was prepared by the agent of the insurance carrier. The language used does not appear to be the language claimant-appellee used as indicated by his testimony in this record. Most important, however, is that at the first hearing, prior to his obtaining legal counsel, he denied having made such a statement to the insurance carrier's agent, although he admitted signing the instrument. Prior to the first hearing, he had stated to Dr. Wycoff that at the time of the injury, while lifting a tub of ashes "his feet slipped, causing him to twist his back." Claimant-appellee testified at the first hearing, in response to a question from the Referee, as to what occurred, if anything, at the time he was raising the ashes: "My foot twisted under me on the ashes, the coal and the cinders, and I had that tub and it twisted me right around it, and I twisted my ankle." This unequivocal state-

ment in response to a straightforward question by the Referee alone would support the Board's finding.

The remaining question relates to whether the Board's decision that claimant-appellee is totally disabled is supported by the record. While we cannot point to a particular statement either way on this question, we have carefully reviewed the testimony of claimant-appellee's two medical witnesses and the one for appellant. On the basis of all this medical testimony, as well as the uncontradicted fact that the claimant-appellee, prior to the accident, had what the Board and this Court would characterize as an excellent work record, whereas since the accident, he has not been able to do light chores around the house, we find that the Board's decision is supported by the record. To quote only one piece of medical testimony, Dr. Bantley, in deposition taken June 23, 1970, testified under cross-examination by the able counsel for the appellant and insurance carrier that claimant-appellee could not perform a number of occupations. On redirect, the following statement appears: "Q. When Mr. Lee had mentioned the occupations and questioned you as to whether or not he would be capable of doing certain types of work, in each of these occupations you had mentioned a limiting factor of time, stress, duration, etc. Now, a job involving a lot of standing, walking, climbing steps, and lifting, do you feel that Mr. Canton would be disabled to the point where he could not do that type of employment? A. It would be very foolish for Mr. Canton to take that type of a job involving those things mentioned."

Accordingly, we make the following

ORDER

AND NOW, this 19th day of December, 1972, the Order of the Workmen's Compensation Appeal Board, filed on May 18, 1972, in the above noted case, is affirmed.